ORIGINAL

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 11 2015

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| NUEMI RUIZ<br>*Plaintiff.*<br>v.<br><br>STELLAR RECOVERY, INC.<br>*Defendant.* | CIVIL ACTION NO.<br><br>4:15-cv-179-O<br><br>TRIAL BY JURY DEMANDED |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Nuemi Ruiz, complains of Stellar Recovery, Inc. Defendant, and for cause of action would respectfully show as follows:

## NATURE OF ACTION

1. This is an action for damages brought by individual, Plaintiff Nuemi Ruiz against Defendant Stellar Recovery, Inc. for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 227(b)(1)(A)(iii).

2. Plaintiff contends that the Defendant has violated such laws by calling Plaintiffs cellular telephone using an automatic telephone dialing system as defined by the Telephone Consumer Protection Act, 47 U.S.C. §227(a)(1) without express consent to do so.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 47 U.S.C. §227(b)(3).

2. This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1391b because Defendant engages in business within this state, to wit debt collection.

3. Venue is proper pursuant to 28 U.S.C. §1391b and 47 U.S.C. §227(b)(3).

4. Venue in the Northern District of Texas, Fort Worth Division is proper in that the Plaintiff resides in State of Texas, Tarrant County, City of Fort Worth, the Defendant transacts business here, and the conduct complained of occurred here.

5. All conditions precedent to the bringing of this action, have been performed.

## PARTIES

6. The Plaintiff in this lawsuit is Nuemi Ruiz, a natural person and a citizen of Tarrant County, Texas.

7. Defendant in this lawsuit is Stellar Recovery, Inc. (herein after "Stellar Recovery") a collection company with principal office at 1327 Highway 2 W, Suite 100, Kalispell, MT 59901.

3. Stellar Recovery may be served with process by serving: Business Filings Incorporated, 208 North Broadway, STE 313, Billings, MT 59101-0000.

## FACTUAL ALLEGATIONS

8. The telephone number (217) 550-1424 is assigned to a cellular telephone belonging to the Plaintiff Nuemi Ruiz.

9. On or about August 22, 2014, Stellar Recovery began calling the wireless cellular phone number (217) 550-1424 from telephone numbers (877) 236-5791 which is a number known to be used by Stellar Recovery in their debt collection operations.

10. **See Exhibit A**, Stellar Recovery called the cellular telephone number (217) 550-1424 on the following dates and times.

    1. August 22, 2014 at 06:14 p.m.
    2. September 22, 2014 at 05:14 p.m.
    3. September 23, 2014 at 12:33 p.m.
    4. September 24, 2014 at 04:10 p.m.
    5. October 01, 2014 at 10:14 a.m.
    6. October 10, 2014 at 02:50 p.m.
    7. October 14, 2014 at 07:04 p.m.

11. On September 22, 2014 at 05:14 p.m., September 23, 2014 at 12:33 p.m., and September 24, 2014 at 04:10 p.m., the calls were answered and Stellar Recovery was informed to stop calling the cellular phone.

12. Refer to ¶10, Stellar Recovery used an automatic telephone dialing system to dial the wireless cellular phone (217) 550-1424 as defined by the Telephone Consumer Protection Act, 47 U.S.C. §227(a)(1).

13. Refer to ¶10, Stellar Recovery called the cellular phone (217) 550-1424 for a non-emergency purpose.

14. Plaintiff has no prior or present established relationship with Stellar Recovery.

15. Plaintiff has no contractual obligation to pay Stellar Recovery any alleged consumer debt.

16. On January 22, 2015 and February 18, 2015, Plaintiff sent letters informing Stellar Recovery said actions were a violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 227(b)(1)(A)(iii). This was in an effort to amicably resolve the matter prior to litigation.

17. All violations complained of herein occurred within the statute of limitations of the applicable federal statutes.

## COUNT I

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227(b)(1)(A) BY DEFENDANT STELLAR RECOVERY, INC.

18. Paragraphs 1 through 17 are re-alleged as though fully set forth herein.

19. Plaintiff and Stellar Recovery do not have an established business relationship within the meaning of 47 U.S.C. §227(a)(2).

20. Stellar Recovery called Plaintiff's cellular telephone using an "automatic telephone dialing system" within the meaning of 47 U.S.C. §227(a)(1).

21. 47 U.S.C. §227(b)(1)(A) which states in part;

    (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—

    (1) PROHIBITIONS.—It shall be *unlawful for any person* within the United States, or any person outside the United States if the recipient is within the United States—

    > *(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—*

22. In each telephone communication referenced in ¶10, Stellar Recovery has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227 (b)(1)(A) by using an automatic telephone dialing system or used a telephone dialing system that has the *capacity* to

automatically call the Plaintiff's cellular telephone number (217) 550-1424, which is assigned to a cellular telephone service *with no prior express consent* and for *no emergency purpose.*

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the Telephone Consumer Protection Act and/or admission from the Defendant(s) that they violated the Telephone Consumer Protection Act;

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(B); which states in part: an action to recover for actual monetary loss form such a violation, or to receive $500 in damages for each such violation, whichever is greater.

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(C); which states in part: If the Court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 (three) times the amount available under subparagraph (B) of this paragraph.

d) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §227(b)(1)(A)(iii)
### BY DEFENDANT STELLAR RECOVERY, INC.

23. Plaintiff alleges and incorporates the information in paragraphs 1 through 22.

24. 47 U.S.C. §227(b)(1)(A)(iii) which states in part;

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
>> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>>
>>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>>>
>>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

25. In each telephone communication referenced in ¶10, Stellar Recovery has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by using equipment with automatic telephone dialing system or used a telephone dialing system that has the *capacity* to automatically call the Plaintiff's number (217) 550-1424, which is *assigned to a cellular telephone service.*

**WHEREFORE,** Plaintiff prays for relief and judgment, as follows:

e) Adjudging that Defendant violated the Telephone Consumer Protection Act and/or admission from the Defendant(s) that they violated the Telephone Consumer Protection Act;

f) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(B); which states in part: an action to recover for actual monetary loss form such a violation, or to receive $500 in damages for each such violation, whichever is greater.

g) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(C); which states in part: If the Court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 (three) times the amount available under subparagraph (B) of this paragraph.

h) Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands trial by jury.

Dated: March 11, 2015

Respectfully Submitted,

*Nuemi Ruiz*
Nuemi Ruiz
3309 N. Nichols St.
Fort Worth, TX 76106
(682) 564-6140
nuemiruiz@yahoo.com









**EXHIBIT A**